(85 Tex. Cr. R. 297)

CROSBY v. STATE. (No. 5389.)

(Court of Criminal Appeals of Texas. May 14, 1919.)

1. INTOXICATING LIQUORS ⟨⟩236(1)—DELIVERY TO PERSONS IN MILITARY SERVICE—EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain conviction of procuring and delivering intoxicants to persons enlisted in military forces of the United States, contrary to Acts 35th Leg. (4th Called Sess.) c. 7.

2. CRIMINAL LAW ⟨⟩1159(1)—APPEAL—QUESTION OF FACT—VARIANCE.

In prosecution for procuring and delivering intoxicants to persons enlisted in military forces of the United States contrary to Acts 35th Leg. (4th Called Sess.) c. 7, verdict of jury *held* to solve, in favor of the state, any question of variance as to names of soldiers to whom liquor was given and names charged in indictment.

3. INDICTMENT AND INFORMATION ⟨⟩125(31)—DUPLICITY—FOLLOWING LANGUAGE OF STATUTE.

Allegation that defendant "did then and there unlawfully and knowingly, directly and indirectly, purchase for and procure for, and did then and there give and deliver and did then and there cause to be given and delivered," is in the terms of Acts 35th Leg. (4th Called Sess.) c. 7, as to procuring and delivering intoxicants to persons enlisted in military forces of the United States, and contention that indictment is duplicitous because of such allegation cannot be sustained.

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Sophia Crosby was charged with unlawfully procuring and delivering intoxicants to persons engaged and enlisted in the military forces of the United States, and appeals from the judgment. Affirmed.

Turnley & Clark, of Houston, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was charged with unlawfully procuring and delivering intoxicating liquors to persons engaged and enlisted in the military forces of the United States.

The soldiers named in the indictment were W. Koslowsky and J. Malolepszy. The facts show that two United States soldiers, members of the Nineteenth Infantry, were stationed in a barn in care of some horses belonging to the government; that the appellant carried a number of bottles of beer into the barn, and that when officers undertook to enter the lights were extinguished; that the appellant and another negro woman attempted to escape; that a number of bottles of beer were found, part of them empty and part of them partly empty. One of the negro women testified that she had gone to the barn on the suggestion of the appellant; that the appellant after going in came out and went to a store and procured several bottles of beer, which she carried in a basket into the barn, setting the basket on the floor; that the witness took a bottle and a soldier did likewise; that the appellant made no protest when one of the soldiers took the beer; that she, witness, took a bottle, and while she was drinking the officers knocked at the door; that she never heard appellant tell the soldiers to take any. The lieutenant who was with the arresting party said that before going in they heard voices of both sexes, which he described as a jumbled mass of profanity and vulgarity. One of the soldiers had a half empty bottle of beer in his hand. Another witness testified that when the door was opened the light went out; that

appellant ran to the door and tried to get out, but was prevented by the sentry; that two soldiers and the women were drinking; they were under the influence of liquor, the soldiers and the women. There were empty bottles and full bottles there. The lieutenant said he took the names of the two privates; that shortly thereafter he gave the names to the party who wrote the complaint; that on the night of the arrest he took the names down in a little book; that he made the soldiers spell the names out, and he entered them in the book correctly, and correctly gave them to Mr. Levey, who drafted the complaint. The witnesses were unable to correctly.spell the names, but without objection the names written down under the circumstances above detailed were introduced, and the paper on which they were written being identified by the witness, and, as thus identified, the names were spelled in the same manner as alleged in the indictment, and the witness, after refreshing his memory, testified that the spelling of the names in the indictment was identical with the spelling of the names given to him by the soldiers and written down by him under the circumstances detailed above.

[1, 2] The only question presented for review is the alleged insufficiency of the evidence. We think the evidence is conclusive that the parties named in the indictment were engaged in the military service of the United States, and that intoxicating liquor was furnished them by appellant, and that the verdict of the jury solved in favor of the state any question of variance as to the names of the soldiers to whom the liquor was given and the names charged in the indictment.

[3] Exception was reserved to the sufficiency of the indictment upon the ground that it was duplicitous in alleging that the appellant "did then and there unlawfully and knowingly, directly and indirectly, purchase for and procure for, and did then and there give and deliver, and did then and there cause to be given and delivered." These are the terms of the statute (Acts 35th Legislature [4th Called Session] c. 7), and we think the criticism is without merit.

The judgment of the lower court is affirmed.